```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


MICHAEL S. ANTHONY, ET AL.              CIVIL ACTION

VERSUS                                  NO: 05-6474

CNA INSURANCE COMPANY, ET AL.           SECTION: "R"(5)
```

### ORDER AND REASONS

Before the Court is defendants' motion to stay federal proceedings in this case pending resolution of a parallel action in Louisiana state court. For the following reasons, the Court DENIES the defendants' motion.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

On December 13, 2005, plaintiffs Michael S. Anthony, Lyndora Anthony, Shannon G. Rogers, Bruce R. Budyach, and Tony Grabert brought this action in the Eastern District of Louisiana against defendants CNA Insurance Company, National Freight Transportation, J. Allen Trucking Company, Inc., and Anthony C. Skeen.  (R. Doc. 1).[1]  The complaint arises from a motor vehicle

---

[1] Plaintiffs filed a supplemental and amending complaint on June 30, 2006, in which they added April Grabert as a party. (R.

accident that occurred on October 14, 2005 in St. Tammany Parish, Louisiana.  Plaintiffs Rogers, Budyach, Grabert and Michael Anthony were all allegedly injured when the vehicle in which they were traveling was rear-ended by a tractor trailer driven by defendant Skeen.  They assert that the negligence of Skeen was the direct cause of the accident, and that the negligence of National Freight Transportation and/or J. Allen Trucking Company proximately caused or contributed to the accident as well. Rogers, Budyach, Grabert and Michael Anthony seek to recover under state tort law for a number of injuries they allegedly suffered as a result of the accident.[2]  Plaintiffs assert that the Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332, as complete diversity exists between plaintiffs and defendants and the amount in controversy exceeds $75,000. Trial on this matter is set to commence in the Eastern District of Louisiana on February 26, 2007.

---

Doc. 53).  Additionally, the parties filed a joint stipulation on November 7, 2006, in which they agreed that defendant CNA Insurance Company was erroneously named and that the correct defendant, American Casualty Company, would be substituted in its place.  (R. Doc. 69).

[2] Plaintiffs Lyndora Anthony and April Grabert, who were not in the vehicle at the time of the accident, assert separate state law tort claims arising from the injuries suffered by their husbands, including loss of consortium and mental anguish.

Approximately six weeks after plaintiffs filed this suit, they filed a similar action against the same defendants in the 22nd Judicial District Court for the Parish of St. Tammany on February 1, 2006. (R. Doc. 65-3, Ex. A). Trial on that matter has been set for March 5, 2007 in state court. (R. Doc. 72). Defendants, who are not residents of Louisiana, now request that this Court stay the pending federal action so that the parties can proceed to trial on the parallel state court lawsuit. Plaintiffs object to defendants' proposed stay of the federal proceedings, as they wish to go forward in the forum where they first filed their lawsuit and where they have been given an earlier trial date.

**II.  DISCUSSION**

Federal courts have a "virtual unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236 (1976). "However, in 'extraordinary and narrow' circumstances, a district court may abstain from exercising jurisdiction over a case when there is a concurrent state proceeding . . . ." *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir. 1999) (quoting *Colo. River*, 424 U.S. at 813). The court's decision whether to abstain should be based on

considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* (*quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219 (1952)).

For a court to abstain from exercising jurisdiction under the *Colorado River* doctrine, it first must find that the federal and state court actions are "parallel." *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). Actions are parallel when the same parties are litigating the same issues. *See Republicbank Dallas, Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987). Here, the parties do not dispute that the federal and state court proceedings are parallel.

The court next must determine whether exceptional circumstances exist that would permit the court to decline jurisdiction in the instant matter. *See Murphy*, 168 F.3d at 738. The Supreme Court has set forth six factors to guide this inquiry: (1) assumption by either court of jurisdiction over a *res*; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in

4

protecting the rights of the party invoking federal jurisdiction. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 285-86, 115 S.Ct. 2137 (1995). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colo. River*, 424 U.S. at 818-19. The factors are to be carefully balanced in a given case, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 103 S.Ct. 927 (1983). The Court now applies the *Colorado River* abstention factors to the parallel federal and state actions in this matter.

*(1) Assumption by Either Court of Jurisdiction Over a* Res

Neither this Court nor the state court has assumed jurisdiction over any *res* or property in this case. The absence of this factor, however, is not neutral. *Murphy*, 168 F.3d at 738. Rather, it weighs against abstention. *Id.*

*(2) The Relative Inconvenience of the Forums*

Both the federal and state proceedings are located in southeastern Louisiana. Therefore, neither forum is more or less convenient than the other. The absence of this factor weighs

against abstention.  *Id.*

*(3)  The Avoidance of Piecemeal Litigation*

The federal and state actions involve the same plaintiffs, the same defendants, and the same issues, namely, whether the defendants were negligent in the motor vehicle accident that allegedly resulted in plaintiffs' injuries.  Thus, the litigation at issue is merely duplicative, not piecemeal.  *See id.*  "The prevention of duplicative litigation is not a factor to be considered in an abstention determination."  *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988) (citing *Colo. River*, 424 U.S. at 817).  Rather, "*[d]uplicative* litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction."  *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000) (emphasis in original).  The animating concern of this factor is the "danger of inconsistent rulings with respect to a piece of property."  *Id.* at 650-51.  As there is no *res* involved in this case, no such danger exists.  Accordingly, this factor weighs against abstention.  *See id.* at 651.

6

*(4) The Order in Which Jurisdiction Was Obtained by the Concurrent Forums*

The Supreme Court has stated that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. Here, the federal court action was filed approximately six weeks before the state court action. This Court issued a scheduling order on June 15, 2006, in which it provided discovery deadlines and a trial date on February 27, 2006. (R. Doc. 45). It was not until October 18, 2006 that defendants were even permitted to request a trial date in state court. (R. Doc. 65-2, at 2). Furthermore, the parties did not learn until mid-December that trial in the state court action has been set for March 5, 2007, one week after the federal trial date in this matter. (R. Doc. 72). Although the parties did not describe in their papers to this Court the extent to which they have engaged in discovery in either the federal or state court action, it appears that discovery has proceeded in the federal proceeding. The record in the federal case reflects that the defendants have filed an answer in this action, and that the parties have noticed several depositions and filed witness and exhibit lists. No similar information is available concerning discovery in the state court proceeding. At most, the

proximity of trial dates suggests that the suits are proceeding at about the same pace. As such, this factor weighs against abstention. *Murphy*, 168 F.3d at 738-39; *see also Black Sea*, 204 F.3d at 651.

*(5) Whether and to What Extent Federal Law Provides the Rules of Decision on the Merits*

Both actions are governed exclusively by state tort law. The mere fact that no federal law issue exists does not, alone, weigh in favor of abstention. *Evanston*, 844 F.2d at 1193. The presence of exclusively state law issues "weighs in favor of surrender only in rare circumstances." *Id.* As the Supreme Court has stated, "the task is to ascertain whether there exist 'exceptional circumstances,' the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Moses H. Cone*, 460 U.S. at 26. Here, the issues of state law are basic tort questions, and the defendants have made no showing of any exceptional circumstances that call for abstention in this matter. Therefore, this factor is at most neutral. *See Black Sea*, 204 F.3d at 651.

*(6) The Adequacy of the State Proceedings in Protecting the Rights of the Party Invoking Federal Jurisdiction*

This final factor "can only be a neutral factor or one that weighs against, not for, abstention." *Evanston*, 844 F.2d at 1193. Again, both actions are governed exclusively by state tort law. Plaintiffs will have adequate protection in state court. As such, this factor is neutral.

*Summary of Colorado River Factors*

Four factors clearly weigh against abstention, while two are neutral. No factor supports staying the federal court action. Given that the balancing of the *Colorado River* factors already "is heavily weighted in favor of the exercise of jurisdiction," *Moses H. Cone*, 460 U.S. at 16, it is clear that a stay of the federal court action is not appropriate at this time.

**III. CONCLUSION**

For the foregoing reasons, the Court DENIES defendants' motion to stay.

New Orleans, Louisiana, this __3rd__ day of January, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT